**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

**FILED**

DEC 2 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

BILL IBRAHIM        *
4207 Jennifer Street NW    *
Washington, D.C. 20015    *
            *
            *
     Plaintiff,   *
v.

UNISYS CORPORATION   *
Blue Bell, Pennsylvania 19424 *
            *


     Defendant.  *

* * * * * * *

Case: 1:07-cv-02295
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/20/2007
Description: Employ Discrim.

## COMPLAINT

  Plaintiff Bill Ibrahim ("Ibrahim"), by and through undersigned counsel, requests the court to grant relief on behalf of himself and against Unisys Corporation.  In support of this request, Mr. Ibrahim states:

### PARTIES

1. Plaintiff Ibrahim is a resident of the District of Columbia and a former employee of the defendant.

2. Defendant Unisys Corporation ("Unisys") employed Ibrahim in the District of Columbia and does business in the District of Columbia.

### JURISDICTION

3. The Court has jurisdiction over this matter pursuant to Section 1332 of Title 28 of the United States Code.

## CONDITIONS PRECEDENT

4. On or about June 9, 2006, Mr. Ibrahim filed a complaint with the EEOC alleging unlawful discrimination by the defendant.

5. On or about September 25, 2007 Mr. Ibrahim received a right to sue letter since more than one hundred and eighty days had passed since the filing of the complaint with the EEOC.

## FACTS

6. Mr. Ibrahim first became employed with Unisys in September 2002 in the position of team leader in the corporate information systems department. Mr. Ibrahim, a Muslim, is originally from Somalia and became a citizen of this country in 1996.

7. Unisys is a company whose corporate headquarters is in Blue Bell, Pennsylvania and does business in the Washington metropolitan area, including the District of Columbia.

8. At all operative times, Paul Testa was a manager at Unisys and Mr. Ibrahim's direct supervisor while Ibrahim was employed with the company.

9. Mr. Ibrahim has worked in the computer field since 1986 and is certified in various programs, including but not limited to MCSE, MCSA, Rt and network plus. While employed with Unisys, Mr. Ibrahim was dispatched to service various clients of Unisys throughout the metropolitan area.

10. After becoming employed by Unisys, Ibrahim was subjected to a hostile work environment created and sustained by Mr. Testa. In July 2003, Mr. Testa informed

Mr. Ibrahim that Ibrahim was not going anywhere in the company. There was no basis for such an assertion by Mr. Testa other than his dislike for Mr. Ibrahim.

11. In December 2003, Mr. Testa referred to the incident in Somalia in the early 1990's involving U.S. servicemen and further stated in Ibrahim's presence that all Somalis should be hung.

12. In 2004, Mr. Ibrahim was demoted from his position as team leader without explanation or justification.

13. Mr. Ibrahim performed his duties at a high level of achievement during his tenure at Unisys and received many statements from his clients praising his work, including but not limited to the following. On November 14, 2002, the TSA sent an email commending Ibrahim's work. On March 7, 2003, Perot Systems sent an email commending Ibrahim's work. On March 18, 2004, the Navy Federal Credit Union commended Ibrahim's work. On November 12, 2004, the John Alwine of the SDC office of Unisys emailed Ibrahim to tell him he had done a "good job" on his work that week. On January 14, 2005, Arthur W. Fox, a VP at Change Architect, Inc., sent an email full of high praise for Ibrahim's work. On March 1, March 24, and April 13, 2005, Fannie Mae commended Ibrahim's work

14. Mr. Ibrahim was never promoted during the entire time that he was employed by Unisys even though he was the most qualified applicant for many positions and applied for many positions, including but not limited to the following. On October 27, 2004 Ibrahim applied for one of sixteen Network Design Engineer 2 positions with Unisys's Federal Services branch, but white candidates were selected and Ibrahim was not selected even though he was the best-qualified candidate. On June

17, 2005, Ibrahim applied for one of three EMC engineer positions in the D.C. Metro area, but white candidates were selected and Ibrahim was not selected even though he was the best-qualified candidate.

15. In November 2004, Mr. Testa recommended that Mr. Ibrahim be terminated from employment and again asserted that he was not going anywhere in the company.

16. Mr. Testa had disdain for Mr. Ibrahim because Ibrahim was originally from Somalia Africa, is Muslim and possesses dark skin.

17. Mr. Testa continued to maintain a hostile work environment for Mr. Ibrahim by routinely doing the following:

   a. Rejected time sheets submitted by Mr. Ibrahim without justification;

   b. Rejected training vouchers submitted by Mr. Ibrahim and denied him the opportunity to receive training which would allow him to advance in his profession;

   c. Rejected expense vouchers submitted by Mr. Ibrahim again without justification and refused to pay the expenses incurred;

   d. Routinely denied requests for vacation made by Mr. Ibrahim again without justification;

   e. Refused to sign clearance sheets submitted by Mr. Ibrahim again in doing so denied Ibrahim the opportunity to advance in the company;

   f. Routinely called Mr. Ibrahim names in the workplace such as nigger and boy. Mr. Testa further stated that if Mr. Ibrahim contacted the Human Resources Department nothing would happen and at one point stated that if HR was called I will hang you.

No other similarly situated employees of Unisys were treated in such a way as Mr. Ibrahim.

18. Mr. Ibrahim's work environment became so hostile and intolerable that he did in fact contact the HR department in late 2004 and informed it of the manner in which Mr. Testa was treating him. Mr. Ibrahim continued to communicate with HR at their offices in Norcross, Georgia throughout 2005 concerning the hostile work environment he was being subjected to, however, no corrective action was either recommended or taken by Unisys. Ultimately realizing that Unisys did not intend to deal with the situation and the unlawful conduct continuing unabated, Mr. Ibrahim resigned his position from the company on or about October 21, 2005. In effect, Mr. Ibrahim was constructively discharged from his position with Unisys at that time.

## I. VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

19. Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin. 42 U.S.C. §2000(e).

20. Mr. Ibrahim was subjected to a hostile work environment, not promoted and was otherwise unlawfully harassed in the workplace due to his country of national origin, race, and/or religion in violation of Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U.S.C. § 2000(e).

21. Title VII was further violated in that Unisys failed to investigate a legitimate complaint filed by Mr. Ibrahim and failed to take any corrective action concerning the conduct complained of.

## II. VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

22. Mr. Ibrahim was subjected to a hostile work environment and was otherwise unlawfully harassed in the workplace due to his country of national origin, race and /or religion in violation of the District of Columbia Human Rights Act.

23. The D.C. Human Rights Act was violated in that Unisys failed to investigate a legitimate complaint filed by Mr. Ibrahim and failed to take any corrective action concerning the conduct in question.

## III. RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

24. Mr. Ibrahim correctly complained about Mr. Testa's unlawful conduct, filed a complaint with Unisys and sought corrective action from Unisys. Rather than doing what is required under the law, Unisys retaliated against Mr. Ibrahim for engaging in protected activity and allowed the unlawful conduct to continue unabated.

## RELIEF SOUGHT

Assuming that the Court finds violations of the aforementioned laws by Unisys, Mr. Ibrahim seeks the following by way of remedies:

1. Compensatory and punitive damages and attorneys fees and costs as allowed under applicable law; and

2. Reimbursement for all overtime and expenses incurred by the Mr. Ibrahim for which he was not properly paid;

3. All attorney's fees and costs occasioned by the prosecution of this matter;

4. All other such relief this Court deems appropriate.

<u>JURY DEMAND</u>

Plaintiff requests a trial by jury as to all issues pleaded.

Respectfully Submitted,

John E. Carpenter #420756
910 17th Street NW Suite 800
Washington, D.C. 20006
(202) 887-5445

Attorney for Plaintiff Ibrahim

7

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

*07-cv-2295*
*RMC*

**I (a) PLAINTIFFS**

Bill Ibrahim

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

District of Columbia

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John E. Carpenter
910 17th St NW Suite 800
Washington, DC 20006

**DEFENDANTS**

Unisys Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-02295
Assigned To : Collyer, Rosemary M.
Assign. Date : 12/20/2007
Description: Employ Discrim.

JURY ACTION

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

□ 2 U.S. Government Defendant

□ 4 Diversity
(Indicate Citizenship of Parties in item III)

**III CITIZENS**
FOR PLAINTIFF

|                                           | PTF | DFT |                                                         | PTF | DFT |
|-------------------------------------------|-----|-----|---------------------------------------------------------|-----|-----|
| Citizen of this State                     | ☒1  | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State                  | □ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country   | □ 3 | □ 3 | Foreign Nation                                          | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

Social Security:
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

Other Statutes
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

Real Property
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

Personal Property
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

Bankruptcy
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

Prisoner Petitions
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

Property Rights
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

Federal Tax Suits
□ 870 Taxes (US plaintiff or defendant
□ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

Other Statutes
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.
□ 460 Deportation

□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000 et. al.  Employment Discrimination race + religion and origin

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23  DEMAND $ _____ Check YES only if demanded in complaint  JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE 12/9/07  SIGNATURE OF ATTORNEY OF RECORD  John G. Carpenter

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.