**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **BILL IBRAHIM,**<br><br>                          **Plaintiff,**<br><br>        *v.*<br><br>**UNISYS CORPORATION,**<br><br>                          **Defendant.** | **Case No. 1:07-CV-02295 RMC** |

## <u>DECLARATION OF JOHN P. MONAGHAN</u>

I, John P. Monaghan, declare as follows:

1.      I am an Assistant General Counsel, HR Law, for Unisys Corporation ("Unisys"), the Defendant in this proceeding. The facts in this Declaration are based on personal knowledge or the Company's business records.

2.      In my capacity as Assistant General Counsel, HR Law, I am responsible for, among other things, investigating and responding to charges of discrimination filed with the U.S. Equal Employment Opportunity Commission ("EEOC").

3.      On or about June 28, 2006, I received from the U.S. Equal Employment Opportunity Commission ("EEOC") a "Notice of Charge of Discrimination," dated June 22, 2006, in the matter of *Ibrahim v. Unisys Corporation,* EEOC Charge No. 570-2006-01313. Enclosed with that document were, among other things, a partially completed, unsigned and undated EEOC Form 5, "Charge of Discrimination", in which the "particulars" section stated only "SEE ATTACHMENT;" and a separate five page typed document with numbered paragraphs titled "Charge of Discrimination" (but which otherwise referenced no complaint or charge number), that was simply signed by the Charging Party, Bill Ibrahim, and his attorney, John E. Carpenter, Esquire, and bearing

a time stamp indicating receipt by the EEOC on June 9, 2006. A copy of these documents is attached as Exhibit A.

4.      In reviewing these documents provided to Unisys, I noted the absence of any place where the Charging Party had provided an "oath or affirmation" as to the truth of the assertions therein, as required by 42 U.S.C. 2000e-5(b). As the U.S. Supreme Court has made it clear that an employer is not obliged to respond to a charge until after its allegations are sworn to or otherwise affirmed, by letter dated August 28, 2006 I wrote to the EEOC calling its attention to this problem and requesting that it provide Unisys with a copy of "Mr. Ibrahim's charge that is properly, notarized, sworn and/or attested to," in accordance with the requirements of the statute. A copy of that letter is attached as Exhibit B.

5.      After two additional requests for this information (dated November 10, 2006 and July 19, 2007), on July 20, 2007 I received a fax from Joseph M. Hardiman III, Area Office Director for the Pittsburgh Area Office of the EEOC, enclosing a completed EEOC Form 283, "Charge Questionnaire," which indicated that it was signed by Mr. Ibrahim on June 6, 2006 under the statement "I declare under penalty of perjury that the foregoing is true and correct." This document bore a time stamp indicating receipt by the EEOC on June 9, 2006.   Again, however, the section for alleging the actions believed to be discriminatory simply stated "See attached", and no attachment accompanied the Form 283 which Mr. Hardiman faxed to me.  A copy of this document is attached as Exhibit C.

6.      Prior to receiving the July 20, 2007 fax, I had received a voice mail message from Mr. Hardiman indicating that he was sending me this completed Form

283 document in response to my requests for proof of properly sworn to or affirmed charge allegations.

7.      Accordingly, by letter dated July 30, 2007, I asked the EEOC to confirm that the "attachment" referenced in the Form 283 "Charge Questionnaire" which Mr. Hardiman had faxed me was in fact the same five page typed document with numbered paragraphs titled "Charge of Discrimination" that was included in the materials which accompanied the Notice of Charge of Discrimination which Unisys had originally received in July 2006. A copy of this document is attached as Exhibit D. I never received any written response to this letter.

8.      On September 25, 2007, the EEOC issued a "Dismissal and Notice of Rights" in this matter. A copy of this document is attached as Exhibit E.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of March, 2008 at Blue Bell, Pennsylvania.



_____/s*_____
John P. Monaghan

*Counsel hereby certifies that he has a signed copy of the foregoing document available for inspection at any time by the court or a party to this action.

**EXHIBIT A**

EEOC FORM 131 (5/01)

# U.S. Equal Employment Opportunity Commission

| | | PERSON FILING CHARGE |
|---|---|---|
| Mr John Monaghan<br>Senior Counsel<br>UNISYS CORPORATION<br>Unisys Way<br>MS E8-114<br>Blue Bell, PA 19424 | *Received*<br><br>JUN 28 2006<br><br>John P. Monaghan | **Bill Ibrahim** |

*Received* JUN 28 2006 John P. Monaghan

**PERSON FILING CHARGE**

**Bill Ibrahim**

THIS PERSON (*check one or both*)

[X] Claims To Be Aggrieved

[ ] Is Filing on Behalf of Other(s)

EEOC CHARGE NO.
**570-2006-01313**

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act      [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **24-JUL-06** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [X] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by **06-JUL-06** to **John Woods, ADR Coordinator, at (202) 419-0727**. If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**Stanika K. Smith,**
**Investigator Support Asst**

*EEOC Representative*

*Telephone* **(202) 419-0743**

**Washington Field Office – 570**
**1801 L Street, N.W.**
**Suite 100**
**Washington, DC 20507**

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[X] RACE   [X] COLOR   [ ] SEX   [X] RELIGION   [X] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [X] RETALIATION   [ ] OTHER

**See enclosed copy of charge of discrimination.**

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| June 22, 2006 | Dana Hutter,<br>Director | *Dana R Hutter* |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 570-2006-01313 |

| **D.C. Office Of Human Rights** | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Bill Ibrahim** | **(202) 271-1222** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **4207 Jennifer St., N.W., Washington, DC 20015** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **UNISYS CORPORATION** | **500 or More** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **@ CAPITOL HILL, Washington, DC 20510** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☒ RELIGION  ☒ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **12-01-2003** | **10-21-2005** |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## *SEE ATTACHMENT*

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

| Date | Charging Party Signature |
|---|---|
| | |

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Washington Field Office

BILL IBRAHIM                          *
4207 Jennifer Street NW               *
Washington, D.C. 20015                *
                                      *        Complaint No.
                                      *
          Complainant,                *

v.
                                      *
UNISYS CORPORATION                    *
Blue Bell, Pennsylvania 19424         *
                                      *

          Respondent.                 *

*       *       *       *       *       *       *

### CHARGE OF DISCRIMINATION

1. The petitioner, Mr. Bill Ibrahim first became employed with the respondent

   company in September 2002 in the position of team leader in the corporate

   information systems department.  Complainant, a Muslim, is originally from

   Somalia and became a citizen of this country in 1996.  Respondent is a company

   whose corporate headquarters is in Blue Bell Pennsylvania and does business in

   the Washington metropolitan area, including the District of Columbia.

2. At all operative times, Paul Testa was a manager at Unisys and the complainant's

   direct supervisor while he was employed with the company.  Complainant has

   worked in the computer field since 1986 and is certified in various programs,

   including but not limited to MCSE, MCSA, Rt and network plus.  While

   employed with the respondent company, complainant was dispatched to service

   various clients of the respondent company throughout the metropolitan area.

1

3. After becoming employed by the respondent, complainant was subjected to a hostile work environment created and sustained by Mr. Testa. In July 2003, Mr. Testa informed the complainant that he was not going anywhere in the company. There was no basis for such an assertion by Mr. Testa other than his dislike for the complainant. In December 2003, Mr. Testa referred to the incident in Somalia in the early 1990's involving U.S. servicemen and further stated in complainant's presence that all Somalis should be hung.

4. In 2004, the complainant was demoted from his position as team leader without explanation or justification. Complainant was never promoted during the entire time that he was employed by the respondent. In November 2004, Mr. Testa recommended that the complainant be terminated from employment and again asserted that he was not going anywhere in the company. Mr. Testa had disdain for the complainant because he was originally from Somalia Africa, is Muslim and possesses dark skin.

5. Mr. Testa continued to maintain a hostile work environment for the complainant by routinely doing the following:

   a. Rejected time sheets submitted by complainant without justification;

   b. Rejected training vouchers submitted by the complainant and denied him the opportunity to receive training which would allow him to advance in his profession;

   c. Rejected expense vouchers submitted by the complainant again without justification and refused to pay the expenses incurred;

2

d.  Routinely denied requests for vacation made by the complainant again without justification;

e.  Refused to sign clearance sheets submitted by complainant again in doing so denied the complainant the opportunity to advance in the company;

f.  Routinely called the complainant names in the workplace such as nigger and boy.  He further stated that if the complainant contacted the Human Resources Department nothing would happen and at one point stated that if HR was called I will hang you.

No other similarly situated employees of the respondent company were treated in such a way as the complainant.

6.  Complainant's work environment became so hostile and intolerable that he did in fact contact the HR department in late 2004 and informed it of the manner in which Mr. Testa was treating him.  Complainant continued to communicate with HR at their offices in Norcross, Georgia throughout 2005 concerning the hostile work environment he was being subjected to, however, no corrective action was either recommended or taken by the respondent.  Ultimately realizing that the respondent did not intend to deal with the situation and the unlawful conduct continuing unabated, complainant resigned his position from the company on or about October 21, 2005.  In effect, complainant was constructively discharged from his position with respondent at that time.

## I. VIOLATION OF THE CIVIL RIGHTS ACT OF 1964

7.  Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such

individual's race, color, religion, sex or national origin. 42 U.S.C. §2000(e).

8.  Mr. Ibrahim was subjected to a hostile work environment, not promoted and was

otherwise unlawfully harassed in the workplace due to his country of national

origin, race, and /or religion in violation of Title VII of the Civil Rights Act of

1964, 78 Stat. 253, as amended, 42 U.S.C. §2000(e).

9.  Title VII was further violated in that the respondent company failed to investigate

a legitimate complaint filed by the petitioner and failed to take any corrective

action concerning the conduct complained of.

## II.  VIOLATION OF DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

10. Mr. Ibrahim was subjected to a hostile work environment and was otherwise

unlawfully harassed in the workplace due to his country of national origin, race

and /or religion in violation of the District of Columbia Human Rights Act.

11.  The D.C. Human Rights Act was violated in that the respondent company failed

to investigate a legitimate complaint filed by the petitioner and failed to take any

corrective action concerning the conduct in question.

## III.  RETALIATION FOR ENGAGING IN PROTECTED ACTIVITY

12. Mr. Ibrahim correctly complained about Mr. Testa's unlawful conduct, filed a

complaint with the respondent company and sought corrective action from the

respondent company.  Rather than doing what is required under the law,

respondent retaliated against the petitioner for engaging in protected activity and

allowed the unlawful conduct to continue unabated.

## RELIEF SOUGHT

Assuming that the commission finds violations of the aforementioned laws by the respondent, petitioner seeks the following by way of remedies:

1. Compensatory and punitive damages and attorneys fees and costs as allowed under applicable law; and

2. Reimbursement for all overtime and expenses incurred by the complainant for which he was not properly paid;

3. All other relief the Commission deems appropriate.

Respectfully Submitted,

Bill Ibrahim
4207 Jennifer Street NW
Washington, D.C.  20015

Complainant

John E. Carpenter, Esquire
910 17th Street NW  Suite 800
Washington, D.C. 20006
(202) 887-5445

Attorney/Designated Representative
for the Petitioner

**EXHIBIT B**

**UNISYS**                                    (215) 986-3055

August 28, 2006

<u>VIA U.S. MAIL</u>

Ms. Stanika K. Smith, Investigator Support Assistant
EEOC
Washington Field Office
1801 L Street, N.W.
Suite 100
Washington D.C., 20507

Re:    ~~Ibrahim v. Unisys Corporation~~, EEOC No. 570-2006-01313

Dear Ms. Smith:

Per my original entry of appearance, Unisys is presently in the process of finalizing its position
statement and accompanying documentation in the above-referenced matter.  In light of the
detailed history of this matter, it is an extremely voluminous document, and we have every
intention of sending it to your attention shortly to assist your investigation.

However, during the course of preparing our position statement, I became aware of a serious
procedural deficiency with the above-referenced charge.  Specifically, the "charge of
discrimination" which Unisys was provided was not prepared on EEOC Form "5", as is typical
practice, but was merely a typed document which appears to have been prepared on plain paper
by charging party and/or his counsel, and signed by both.  There is absolutely NO indication
anywhere on the face of the "charge" that the Charging Party has "sworn or affirmed" the truth of
the assertions contained therein, and the charge has not been notarized.

As the agency well knows, 42 U.S.C. 2000e-5(b) requires that all charges "shall be in writing
under oath or affirmation".   While the Supreme Court has held that such "technical" procedural
defects can be later cured pursuant to 29 CFR 1601.12(b), it also made very clear that an
employer need not defend such charges until the allegations are sworn to or otherwise affirmed:

> The verification requirement has the . . . object of protecting employers from the
> disruption and expense of responding to a claim unless a complainant is serious
> enough and sure enough to support it by oath subject to liability for perjury.  This
> object . . . demands an oath only by the time the employer is obliged to respond
> to the charge, not at the time an employee files it with the EEOC.

<u>Edelman v. Lynchburg College</u>, 122 S.Ct. 1145, 1149 (2002).

Frankly, our investigation reveals that many of the statements contained in charging party's
unsworn "charge" are demonstrably false, and would constitute perjury should he have the
audacity to swear to them.  Thus, consistent with the Supreme Court guidance in <u>Edelman</u>,
Unisys must insist --prior to "defending itself" and providing to the agency with its detailed
position statement— that it be provided with a copy of Mr. Ibrahim's charge that is properly
notarized, sworn and/or attested to in accordance with all 42 U.SC. 2000e-5(b) requirements.
Once Mr. Ibrahim is "locked into" such sworn allegations, Unisys will immediately provide the
detailed position statement and factual statement which it has prepared which completely refutes

1

his fabricated claims (and thereby foreclose any "revisions" when he is confronted with the truth)..

I trust that insisting upon the charging party's correction of this fundamental procedural defect will not cause any problem.    Should you have any questions regarding any of the above, or need any additional information, please do not hesitate to let me know.

Very truly yours,

John P. Monaghan
Assistant General Counsel, HR Law
EEO/OFCCP Compliance Programs Director

**EXHIBIT C**



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Pittsburgh Area Office

Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-3444
TTY (412) 644-2720
FAX (412) 644-2664

**DATE:** 07/20/07

**TO:** John P. Monaghan, ESQ
ASST. General Counsel, HR Law
UNISYS

**FROM:** Pittsburgh Area Office

**SENDER:** Joseph M. Hardiman III,  Area Director

This transmission contains ____3____ pages
Including this cover sheet.

*Pẽr my phone Message to you this afternoon, please see Attachments*

**IF YOU DO NOT RECEIVE ALL PAGES OR THERE ARE PROBLEMS WITH THE TRANSMISSION, IMMEDIATELY CONTACT SENDER AT 412/644-3444.**



1

Jul-20-07   15:21   From- EEOC  PITTSBURGH PA              +412 644 2664        T-911   P.002/003   F-691

# CHARGE QUESTIONNAIRE

| | EEOC Use Only | Name (Intake Officer) |
|---|---|---|

This form is affected by the Privacy Act of 1974; see Privacy Act Statement on back before completing this form.

Please answer the following questions, telling us briefly why you believe you have been discriminated against in employment. An officer of the EEOC will talk with you after you complete this form.

NAME _Bill_ (First) _IBRAHIM_ (Middle Name or Initial) (Please Print) (Last)   DATE _JunE 6, 2006_

ADDRESS _4207 Jenifer ST. NW_  TELEPHONE NO. (Include area code) _202-271-1222_

CITY _WASHINGTON_  STATE _DC_  ZIP _20015_  COUNTY _____

Please provide the name of an individual at a different address in your local area who would know how to reach you.

NAME _ELISA Ruth_  RELATIONSHIP _SISTER_  PHONE _703-589-208_

ADDRESS _12230 APPlECourt_ ~~orchard ct~~  CITY _FAiRFAX_  STATE _VA_  ZIP _22003_

I believe I was discriminated against by: (Check those that apply)

[✓] EMPLOYER  [ ] UNION (Give Local No.)  [ ] EMPLOYMENT AGENCY  [ ] OTHER (Specify)

APPROX'NG. EMPLOYED BY THIS EMPLOYER

| | | |
|---|---|---|
| NAME _UniSYS CorporatioN_ | NAME _____ | |
| ADDRESS _____ | ADDRESS _____ | |
| CITY, STATE, ZIP _BluE bEll, PennsyLvania, 194x_ | CITY, STATE, ZIP _____ | |

If you checked "Employer" above, are you now employed by the Employer that you believed discriminated against you?

YES: From _____ (date) _____ (current position)

NO: I applied for _____ (position) on _____ (Date)

OR: I was employed as _tEam leadIr_ (position) until _10/24/05_ (date) I was _const._ (tell off, ded. etc.) _discharged_

What action was taken against you that you believe to be discriminatory? What harm, if any, was caused to you or others in your work situation as a result of that action? (If more space is required, use reverse.)

_See attached_

WASHINGTON FIELD OFFICE

2006 JUN -9 P 2:34

WASHINGTON DC 20507  1801 L ST. NW

WHAT WAS THE MOST RECENT DATE THE HARM YOU ALLEGED TOOK PLACE? _10/24/05_

EEOC Form 283 (10/94)

Why do you believe this action was taken against you?

Check the one (s) that apply: Race (✓) Sex ( ) Color (✓) Religion (✓) National Origin (✓) Age (✓) Disability ( ) Other ( )

For each one that you checked above, please specify the particular race, sex, etc that pertains to you. For any block(s) that you checked, explain why you believe this was the reason for the action taken against you.

Normally, your identity as a complainant will be disclosed to the organization which allegedly discriminated against you.
Do you  [X] consent or  not consent  to such disclosures?

Have you sought assistance about the action you think was discriminatory from any agency, from your union, an attorney, or any other source?  [ ] No  [X] Yes  (If answer is yes, complete below.)

NAME OF SOURCE ASSISTANCE  John E. Carpenter  Atty  DATE
RESULTS IF ANY:  advised to file a charge

Have you filed a complaint about the action you think was discriminatory with any other Federal, State, or Local Government Anti-discrimination agency?  [X] No  [ ] Yes  (If answer is yes, complete below.)

NAME OF SOURCE ASSISTANCE  DATE
RESULTS IF ANY:

Have you filed an EEOC Charge in the past?  [ ] No  [X] Yes  (if answer is yes, complete below)
APPROX. DATE FILED  2000
ORGANIZATION CHARGED  Mercy Center
CHARGE NUMBER (IF KNOWN)  Unknown

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE  DATE  June 6, 2006

PRIVACY ACT STATEMENT: This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:
1. FORM NUMBER/TITLE/DATE: EEOC Form 283, Charge Questionnaire (12/93).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information in an acceptable form consistent with statutory requirements to enable the Commission to act on matters within its jurisdiction. When this form constitutes the only timely written statement of allegations of employment discrimination, the Commission will consider it with 29 CFR 1601.12(b) and 29 CFR 1626.8(b), consider it to be a sufficient charge of discrimination under the relevant statute(s).
4. ROUTINE USES. Information provided on this form will be used by Commission employees to determine the existence of facts relevant to a decision as to whether the Commission has jurisdiction over allegations of employment discrimination and to provide such charge filing counseling as is appropriate. Information provided on this form may be disclosed to other State, local and federal agencies as may be appropriate or necessary to carrying out the Commission's functions. Information may also be disclosed to charging parties in consideration of or in connection with litigation.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.

Reverse Side of Form 283 (10/94)

**EXHIBIT D**

# UNISYS

(215) 986-3055

July 30, 2007

**VIA FACSIMILIE & U.S. MAIL**

Mr. Ishamel Johnson, Investigator
Mr. Joseph Hardiman, Area Office Director
EEOC
Pittsburgh Area Office
1001 Liberty Avenue
Liberty Center, Suite 300
Pittsburgh, PA 15222-4187

Re:   Ibrahim v. Unisys Corporation, EEOC No. 570-2006-01313

Dear Mr. Hardiman and Mr. Johnson:

I am writing to acknowledge the response I received from Mr. Hardiman to the concerns which I raised in my letter dated July 9th. I apologize for the delay in acknowledging your response, but I have been, and am currently on a much needed summer vacation.

As I think you could tell from my letter(s), the issue I raised was an extremely serious matter going to the threshold issue as to whether Mr. Ibrahim ever swore to/verified the allegations made in his charge. I do appreciate the immediate response I received to my concerns from the Pittsburgh office, especially after the Washington office failed to respond to my earlier letters.

As I now understand it, Mr. Ibrahim signed and "swore off" to the allegations which he made in an attachment to the EEOC's "Charge Questionnaire" form that he then submitted to the agency. Although I still question whether this is technically compliant,[1] I concur that case law has found that such informal verification/attestation is likely sufficient to proceed. However, there is one final clarification that I would like to make sure of, having listened to Mr. Hardiman's voicemail and been confused to the references to the various "numerical forms" which Mr. Ibrahim completed. Would you please confirm for me that the "attachment" referenced in the charge questionnaire (the form that Mr. Ibrahim "swore to"), is the same document which was attached to the "charge of discrimination" that was provided to Unisys. I just want to be absolutely certain that the allegations which Unisys has responded to in the position statement which I prepared are the same as those which Mr. Ibrahim swore to before the EEOC.

Once again, I do appreciate your prompt and professional attention to my concerns. Upon my return to the office next week, I will send via Federal Express the bound position statement and its voluminous accompanying exhibits (I believe there are nearly 50) to Mr. Johnson's attention to assist his investigation.

---

[1] Please note that, by providing the position statement and other materials your office has requested to assist your investigation, Unisys does not waive any defenses which may be available to it in this matter, and reserves any and all rights which it may have under the law to challenge the sufficiency and adequacy of Mr. Ibrahim's charge and/or compliance with charge filing requirements.

1

Should you have any questions, please let me know.

Very truly yours,

John P. Monaghan /cbr

John P. Monaghan
Assistant General Counsel, HR Law
EEO/OFCCP Compliance Programs Director


Cc:      Ms. Marie M. Tomasso, District Director
         EEOC
         Philadelphia District Office
         The Bourse Building
         21 S. Fifth Street, Suite 400
         Philadelphia PA 19106

2

**EXHIBIT E**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  Mr. Bill Ibrahim<br>4207 Jennifer Street, NW<br>Washington, DC 20015 | From:  Pittsburgh Area Office<br>1001 Liberty Avenue<br>Suite 300<br>Pittsburgh, PA 15222 |

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 570-2006-01313 | Legal Unit | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you.  You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of **this Notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

*Joseph M. Hardiman*

**Joseph M. Hardiman, III**
**Area Director**

09/25/07

*(Date Mailed)*

cc:  UNISYS Corporation