## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BILL IBRAHIM,**

          **Plaintiff,**

    *v.*

**UNISYS CORPORATION,**

          **Defendant.**

**Case No. 1:07-CV-02295 RMC**

### REPLY IN SUPPORT OF
### DEFENDANT UNISYS CORPORATION'S MOTION TO DISMISS

Defendant Unisys Corporation ("Unisys"), by its attorneys, submits this Reply in response to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Opp. _").

Unisys's motion to dismiss is based on jurisdictional and procedural issues concerning the application of the DCHRA statute of limitations and the charge filing requirements of Title VII, and the insufficiency of the religious and national origin discrimination and retaliation allegations. Plaintiff nonetheless devotes the bulk of his Opposition to an issue not even raised by Unisys – whether the allegations of the Complaint, if they had been timely filed, would state a claim for racial harassment.[1] The purpose of this discussion appears to be only to attempt to distract this Court from Plaintiff's failure timely to file his claims and his other pleading deficiencies. In response, Unisys notes that regardless of the asserted egregiousness of a plaintiff's substantive allegations, a plaintiff must first allege jurisdictional and procedural facts that would

---

[1] As noted in Unisys's opening Memorandum at 7, n.2, while Unisys would dispute vigorously the allegations in the Complaint and repeated assertions in Plaintiff's Opposition in support of Plaintiff's racial harassment claims, it takes them as true solely for the purposes of its Rule 12(b)(6) motion. With respect to its Rule 12(b)(1) motion, Unisys has presented undisputed documentary evidence showing that Plaintiff's allegation concerning the basis on which the EEOC issued a "right to sue" letter (Complaint ¶5) is demonstrably incorrect, as well as additional undisputed evidence.

permit the Court to hear the case.

As discussed below, nothing in Plaintiff's Opposition contradicts Unisys's contention that Plaintiff's claims should be dismissed in their entirety because (1) Plaintiff's claims under the District of Columbia Human Rights Act, D.C. Code §1-1401, *et seq.* ("DCHRA") are barred by the applicable one-year statute of limitations or, in the alternative, because of his prior election of remedies; (2) Plaintiff's promotion and hostile work environment/harassment claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") are barred due to Plaintiff's failure to file a timely charge; (3) Plaintiff's religious and national origin discrimination allegations fail to state a claim; and (4) Plaintiff's retaliation claims are time barred and/or fail to state a claim.

## A. PLAINTIFF HAS FAILED TO SHOW THAT HIS DCHRA CLAIMS ARE NOT BARRED BY THE STATUTE OF LIMITATIONS OR BY HIS ELECTION OF REMEDIES

Plaintiff does not dispute that he filed a charge with the EEOC that was also automatically filed with the DCOHR pursuant to a work sharing agreement. He also does not dispute that, pursuant to the work sharing agreement, the DCOHR deferred jurisdiction to the EEOC, and thus that the DCOHR dismissed the charge for administrative convenience at the latest on June 22, 2006, well over a year before he filed his present Complaint. Instead, he simply asserts, without citation to any authority, that "the same tolling principles that apply to Title VII claims should apply to DCHRA claims." (Opp. at 25.) This assertion ignores the very different structure of the provisions of the DCHRA governing private rights of action and the clear holding of the D.C. Court of Appeals in *Griffin v. Acacia Life Ins. Co.,* 925 A.2d 564, 573 (D.C. 2007).

D.C. Code §2-1403.16(a), as amended, does provide that the statute of limitations is tolled while a complaint timely filed <u>with the DCOHR</u> is pending. However, *Griffin v. Acacia Life Ins. Co.* makes it clear that, as a result of the automatic dismissal for administrative convenience effected by the work sharing agreement, either there never was any action pending before the DCOHR, 925 A.2d at 573, or it was pending there only for one day. This, of course, would be insufficient to relieve Plaintiff from his untimely filing. 925 A.2d at 570 (quoting prior decision by the U.S. District Court in the same proceedings). *See also Akonji v. Unity Healthcare, Inc.*, 517 F. Supp. 2d 83, 92-93 (D.D.C. 2007) (noting that the DCHRA tolling provision makes no mention of an analogous tolling principle when the complaint is filed with the EEOC, not the DCOHR, and suggesting that according to the terms of the statute, a charge filed with the EEOC did not toll the statute; but ultimately resolving the claim on its merits); *Bradley v. Vista International, Inc.,* No. CA 91-12496, 1992 WL 135572 (D.C. Super. Ct. March 12, 1992) (filing with the EEOC did not convert the EEOC charge into a genuine DCOHR complaint and therefore did not bar timely private cause of action). Thus, there is no basis for tolling the time for filing an action under the DCHRA simply because a charge of discrimination is pending with the EEOC only, and Plaintiff's DCHRA claims are barred by the one-year statute of limitations. D.C. Code §2-1403.16(a).

Plaintiff further appears to argue that if the pendency of his EEOC charge somehow tolled his DCHRA claim, it is not barred by his election of remedies. This argument is based on his disingenuous assertion that the EEOC did not investigate his charge and issue a decision on its merits because it used different wording in its dismissal notice than the DCOHR used in its similar notice referenced in *Brown v.*

*Capitol Hill Club*, 425 A.2d 1309, 1312 (1981). (Opp. at 25.) This is a difference without a distinction, as it ignores the clear language of the EEOC's notice, which states that "based upon its investigation," it was "unable to conclude that the information obtained establishes violations of the statutes" (emphasis added). Thus, the EEOC both conducted an investigation and found the evidence insufficient to support a claim. The EEOC's notice also made it clear that the investigation was over: the document was titled, "Dismissal and Notice of Rights." It further stated that "the EEOC is closing its file on this charge," and that "This will be the only notice of dismissal."[2] It is beyond cavil that this was a final action by the EEOC on the merits. In both the present case and in *Brown* there was an investigation that led to dismissal of the charge – not for administrative convenience or through withdrawal, but on the merits. Under *Brown* and its progeny (s*ee* Unisys Memorandum at 12), this bars Plaintiff from pursuing a private action under the DCHRA.

### B. PLAINTIFF'S FAILURE TO ALLEGE ANY ACT WITHIN THE 300 DAY FILING PERIOD BARS HIS TITLE VII DISCRIMINATION CLAIMS

Plaintiff does not claim that either of the two alleged promotion denials specified in paragraph 14 of his Complaint occurred within the 300-day Title VII filing period, *i.e.*, after August 12, 2005.[3] Instead, he argues that these are only two examples and that there were others. He proffers no specifics, in particular as to when these alleged other incidents occurred, much less that any of them occurred after August 12, 2005. In the absence of an allegation that a specific denial occurred after August 12, 2005, his

---

[2] Unisys Memorandum of Law, Exhibit 1 (Declaration of John P. Monaghan, Docket #9-2), Exhibit E.

[3] Plaintiff makes a passing statement that "there are no facts showing the June 2005 promotion was filled before mid-August 2005" (Opp. at 21), but notably does not claim, nor does his Complaint allege, that it was filled after August 12, 2005. He does not dispute that the October 2004 claim is time barred.

claims of discrimination based on alleged denials of promotion must be dismissed for lack of jurisdiction due to his failure timely to invoke Title VII. *See generally Ledbetter v. Goodyear Tire & Rubber Co., Inc.*, _ U.S. _, 127 S.Ct. 2162, 2169 (2007).

Plaintiff similarly seeks to avoid his failure to allege that any specific acts contributing to his alleged hostile environment occurred after August 12, 2005 by making generalized assertions that the conduct he alleges in his Complaint was "routine" or occurred "throughout his entire tenure" (Opp. at 16). This ignores the clear requirement set forth by the Supreme Court that a plaintiff allege at least one <u>specific act</u> contributing to the alleged hostile environment that occurred within the filing period. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 105, 117 (2002); *Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 159 (D.D.C. 2004) (Collyer, J.). He makes no such allegation in either in his Complaint or in his Opposition. Accordingly, his hostile environment claim also must be dismissed for lack of jurisdiction due to his failure timely to invoke Title VII.

Plaintiff does not dispute Unisys's argument (Memorandum at 15-16) that the alleged failure to investigate his complaint and take corrective action is not an adverse action giving rise to a claim and, in any event, that any such claim is time barred. Accordingly, the motion to dismiss any such claim should be granted as conceded. *Malik v. District of Columbia*, No. 05-1374 (RMC), _ F. Supp. 2d _, 2008 WL 628544, *2 (D.D.C. March 10, 2008) (Collyer, J.); *Bramwell v. Blakely*, No. 04-927 (RMC), 2004 WL 1442655, *8 (D.D.C. May 24, 2006) (Collyer, J.)

## C. PLAINTIFF HAS FAILED TO STATE A CLAIM OF RELIGIOUS OR NATIONAL ORIGIN HARASSMENT

Plaintiff does not dispute that he has failed to state a claim of religious harassment; accordingly, Unisys's motion to dismiss this portion of Count I should be granted as conceded. *Malik v. District of Columbia; Bramwell v. Blakely.*

Plaintiff does contend that he has sufficiently alleged a claim of national origin harassment. However, he bases this contention on the gross misrepresentation that his Complaint alleges that there were repeated comments regarding Plaintiff's Somalian origin. (Opp. at 10.) In fact, as set forth in Unisys's Memorandum at 18, Plaintiff alleges only one incident (Complaint ¶11), and that involved an alleged statement made in December 2003, far outside the actionable period, in the alleged context of a discussion about what had happened to U.S. servicemen in Somalia, not as a statement of disparagement directed toward Plaintiff.[4] As such, it is both insufficient to state a claim of national origin harassment and independently time barred under both the DCHRA statute of limitations and Title VII's charge filing requirements.

## D. PLAINTIFF FAILS TO ALLEGE ANY SPECIFIC ACT OF RETALIATION AND IN ANY EVENT SUCH CLAIMS ARE TIME-BARRED

A retaliation claim by its nature requires that a plaintiff allege both an adverse action and causation. *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). The adverse action must be something new; the continuation of an alleged prior adverse action after the filing of a discrimination complaint does not support a plaintiff's burden of showing causation. *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 651 (4th Cir. 2002);

---

[4] Plaintiff also cites paragraph 16 of his Complaint, which alleged only that his supervisor "had disdain" for him because of his origin, not that his supervisor made any comments or engaged in any other harassment based on his Somalian origin; and paragraph 17, which contains no allegation of comments about his Somalian origin. Thus, these allegations do not support his claim of national origin harassment.

*Jhaveri v. Comptroller of the Treasury of Maryland,* No. RDB 05-1159, 2006 WL 2264388 *11 (D. Md. Aug. 7, 2006).

Plaintiff now admits that his retaliation claim rests on his hostile work environment and harassment claims. (Opp. at 26.) He does not claim that his treatment worsened, much less that there was any new incident, after he allegedly complained to Human Resources. Plaintiff thus effectively admits that he has not alleged any particular retaliatory act, only that the same prior acts continued. Accordingly, he has failed to allege any facts that would establish a causal connection between his protected activity and any alleged adverse personnel action. The absence of any alleged retaliatory act means that Plaintiff can not establish a prima facie case of retaliation, and thus he has failed to state a claim.[5] Unisys Memorandum at 19.

Furthermore, even assuming, *arguendo*, that Plaintiff's hostile work environment and harassment allegations can be read broadly as constituting allegations of specific retaliatory acts, as already discussed above, Plaintiff has failed to allege that any specific act occurred after August 12, 2005, and therefore a Title VII claim of retaliation is time-barred. Similarly, a claim of retaliation under the DCHRA is also barred by the applicable one-year statute of limitations.

### E. CONCLUSION

For the reasons set forth above and in Unisys's opening Memorandum, notwithstanding Plaintiff's inflammatory allegations, this Court lacks jurisdiction over Plaintiff's claims and/or Plaintiff has failed to state a claim upon which relief can be

---

[5] In the only case Plaintiff cites, *Jordan v. City of Cleveland*, 464 F.3d 584, 598 (6th Cir. 2006), the plaintiff – unlike here – based his retaliation claim on alleged specific new acts that occurred after his protected activity of complaining about alleged discrimination.

granted.

WHEREFORE, Unisys respectfully requests that its motion be granted and that the Complaint be dismissed in its entirety, with prejudice.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.


_____/s/ Brian Steinbach_____
Frank C. Morris, Jr.
Bar No. 211482
Brian Steinbach
Bar No. 256727
1227 25th Street, N.W., Suite 700
Washington, D.C. 20037
(202) 861-0900

Attorneys for Defendant Unisys Corporation

DATED:  March 24, 2008

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Reply

Defendant Unisys Corporation's Motion to Dismiss was served on the 24th day of March,

2008 via electronic delivery upon the following:

> John E. Carpenter, Esq.
> 910 17th Street, N.W. Suite 800
> Washington, D.C. 20006
>
> Counsel for Plaintiff


> ____/s/ Brian Steinbach_____
> Brian Steinbach